UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

STEVE ELLER,                )
                            )
         Petitioner,        )
                            )   Case No. 3:12-CV-055 JD
    v.                      )
                            )
SUPERINTENDENT,             )
                            )
         Respondent.        )

OPINION AND ORDER

Steve Eller, a *pro se* prisoner, filed a habeas corpus petition attempting to challenge his conviction and fifty year sentence by the Daviess Circuit Court under cause number 14C01-9901-CF-001. However, pursuant to 28 U.S.C. § 2244(d), habeas corpus petitions are subject to a one year statute of limitations.[1] Question 16 on the habeas corpus form includes the full text of § 2244(d) and asks the petitioner to explain why the petition is timely. In response, Eller wrote: "Defendant is within the one year limitation as set forth in 28 U.S.C. 2244(d) from the Ind. Supreme Court." [ECF 1 at 5]. Neither this response, nor anything else in these filings, indicate that the state prevented Eller from filing a habeas petition sooner, that his claims are based on a newly recognized Constitutional

---

[1] 28 U.S.C. § 2244(d) provides that:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

right, or that his claims are based on newly discovered evidence. Therefore, pursuant to 28 U.S.C. § 2244(d)(1)(A), the 1-year period of limitation began to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ."

In this case, Eller was sentenced on December 23, 1999. He did not file a direct appeal and the time for doing so expired on January 24, 2000. *See* Indiana Rule of Criminal Procedure 19 and Indiana Rule of Appellate Procedure 9.A.(1) (a notice of appeal must be filed within 30 days) and Indiana Rule of Appellate Procedure 25.B. (when the last day is a Saturday, the deadline expires the following Monday). Thus, on January 25, 2000, the 1-year period of limitation began. *See Gonzalez v. Thaler*, 565 U.S. __, __; 132 S. Ct. 641, 653-54; 181 L. Ed. 2d 619, 636 (2012). ("[T]he judgment becomes final . . . when the time for pursuing direct review . . . in state court, expires.").

On September 26, 2000, Eller filed a post-conviction relief petition in state court. Pursuant to 28 U.S.C. § 2244(d)(2), that tolled the limitation period. *De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009) ("[W]hat subsection [28 U.S.C. § 2244(d)](2) does is exclude particular time from the year, not restart that year.") But before the limitation period was tolled, 245 (of the 365) days had elapsed – leaving him only 120 days remaining. Eller states that his post-conviction relief proceedings ended on July 26, 2011, when the Indiana Supreme Court denied his petition to transfer.[2] If that was the date that tolling ended, then the deadline for filing his habeas corpus petition expired on November 23, 2011. Eller signed this habeas corpus petition on January 18,

---

[2] The Court of Appeals of Indiana affirmed the denial of post-conviction relief on November 17, 2010. *Eller v. State*, 14A05-0912-PC-690 (Ind. July 26, 2011) available at http://hats.courts.state.in.us/ISC3RUS/ISC2menu.jsp. It appears that the post-conviction proceedings actually ended on that date because the Indiana Supreme Court denied Eller leave to file an untimely Petition to Transfer. *Id.* As a result, Eller would not have had a properly pending state collateral attack after November 17, 2010. Using that date, Eller's deadline for filing a habeas corpus petition would have been 251 days earlier on March 17, 2011, and this petition would be nearly ten months late.

2012, nearly two months after the expiration of the latest possible deadline. Therefore this petition is untimely and must be dismissed.

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when the court dismisses a petition on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This habeas corpus petition was filed after the expiration of the 1-year period of limitation. Because there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling, a certificate of appealability must be denied.

For the foregoing reasons, the court **DISMISSES** this habeas corpus petition as untimely pursuant to Section 2254 Habeas Corpus Rule 4 and **DENIES** a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11.

SO ORDERED.

ENTERED: February 10, 2012

        /s/ JON E. DEGUILIO
Judge
United States District Court